PAUL M. WARNER, United States Attorney (#3389)
ERIC A. OVERBY, Assistant United States Attorney (#7761)
Office of the United States Attorney
185 South State Street, Suite #400
Salt Lake City, Utah 84111
Telephone: (801) 524-5682
Eric.Overby@usdoj.gov

Attorneys for the United States of America

FILED
U.S. DISTRICT COURT

2005 JUN 30 A 10: 59

DISTRICT OF UTAH

BY: _____
     DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT, DISTRICT OF UTAH
CENTRAL DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

vs.

UNION PACIFIC RAILROAD
COMPANY, a Delaware corporation,

    Defendant.

Judge Tena Campbell
DECK TYPE: Civil
DATE STAMP: 06/30/2005 @ 10:57:45
CASE NUMBER:  2:05CV00545  TC

## ORIGINAL COMPLAINT

The plaintiff, the United States of America ("United States"), files this Original Complaint against defendant Union Pacific Railroad Company ("UP"), and states as follows:

### NATURE OF THE CASE

1. This is a civil action to recover monetary damages incurred by the United States in suppressing the July 2, 1999 wildfire and in rehabilitating the burned land.

### JURISDICTION AND VENUE

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1345.

3. Venue lies in this District pursuant to 28 U.S.C. § 1391(b)(1), (2), and (3).

## PARTIES

4. Plaintiff is the United States of America. As sovereign, the United States owns lands within the State of Utah that it is responsible for managing and protecting.

5. Defendant UP is a corporation organized under Delaware law, doing business in Utah.

## BACKGROUND ON UP'S RAILROAD OPERATIONS

6. UP operates and maintains railroad track and railroad trains throughout the State of Utah on rights of way granted by the United States.

7. UP's failure to properly operate and maintain its railroad tracks, railroad trains, and rights of way has previously caused the ignition of wildfires in its right of way.

8. These wildfires endanger the safety of the public and damage or destroy personal and real property owned by others, including private citizens and the United States.

9. These wildfires require the expenditure of public funds to suppress the fires and rehabilitate public lands.

10. UP is responsible for maintaining its rights of way in a reasonable condition to avoid igniting wildfires that endanger the public and threaten personal and real property owned by the United States and others.

11. UP is responsible for maintaining and operating its railroad track and railroad trains to avoid igniting wildfires that endanger the public and threaten personal and real property owned by the United States and others.

## THE RAILROAD FIRE

12. On July 2, 1999, a UP train started a wildfire in the UP right of way near railroad mile marker 678 in Juab County, State of Utah ("Railroad Fire").

13. The United States is informed and believes, and on that basis alleges, that the train cast off hot carbon or other hot material and ignited the Railroad Fire within the UP right of way.

14. The Railroad Fire spread from the UP right of way to adjacent privately and federally-owned land.

15. The United States is informed and believes, and on that basis alleges, that UP could have maintained the right of way and controlled vegetation to avoid igniting the Railroad Fire and thereby endangering the public and threatening personal and real property owned by others, including the United States.

16. The United States is informed and believes, and on that basis alleges, that UP could have maintained and operated its railroad track and railroad trains to avoid igniting the Railroad Fire and thereby endangering the public and threatening personal and real property owned by others, including the United States, including, but not limited to using state-of-the-art technology in internal combustion engine operations, wheel and brake technology, fire or "hot spot" detection technology, and self-contained fire prevention/suppression technology.

17. The Railroad Fire ultimately burned more than 60,000 acres of land.

18. As a result of the fire, the United States sustained damages, including approximately $3,272,944.34 in fire suppression and rehabilitation costs ("Fire Costs").

## COUNT ONE

### (Common law negligence - right of way maintenance)

19. The United States reasserts all allegations previously made.

20. UP has dominion and control over the maintenance of its right of way.

21. UP has a duty to property owners, including the United States, to maintain UP's right of way in a reasonable condition to protect property owners from wildfires caused by UP's railroad train operations.

22. UP breached its duty to property owners, including the United States, by failing to maintain UP's right of way, including controlling vegetation, in a reasonable condition sufficient to protect property owners from wildfires caused by UP's railroad train operations.

23. As a direct, proximate, and legal cause of UP's breach of this duty, the Railroad Fire started and spread to adjacent property owned by others, including the United States, and required reasonable suppression efforts by the United States to minimize the harm caused by the Railroad Fire and subsequent reasonable measures to rehabilitate the land.

## COUNT TWO

### (Common law negligence - train operations)

24. The United States reasserts all allegations previously made.

25. UP has dominion and control over the maintenance of its railroad tracks and maintenance and operations of its railroad trains.

26. UP has a duty to maintain and operate its railroad tracks and railroad trains in a reasonable condition and manner to protect property owners, including the United States, from the start of wildfires.

27. UP breached its duty to property owners, including the United States, by failing to maintain and operate its railroad tracks and railroad trains in a reasonable condition and

manner to prevent the start of wildfires.

28. As a direct, proximate, and legal cause of UP's breach of this duty, the Railroad Fire was started and required reasonable suppression efforts by the United States to minimize the harm caused by the Railroad Fire and subsequent reasonable measures to rehabilitate the burned land.

## COUNT THREE

### (Common law liability - *res ipsa loquitur*)

29. The United States reasserts all allegations previously made.

30. The Railroad Fire caused by the UP train would not, in the ordinary course of events, have occurred had UP used due care.

31. UP had exclusive management and control of the right of way, railroad track, and railroad train operations that caused the wildfire.

32. The Railroad Fire occurred irrespective of any actions of the plaintiff, the United States.

33. A jury could, therefore, logically conclude that the Railroad Fire was probably caused by UP's negligence and award the United States its Fire Costs.

## REQUEST FOR RELIEF

The United States, therefore, requests that judgment be entered in its favor and against UP, as follows:

    a. Damages in the amount of $3,272,944.34;

    b. Pursuant to 31 U.S.C. § 3717 and 4 C.F.R. § 102.13, the United States is entitled to 6% interest and 1% penalty on its damages, which has accrued to $817,249.77 as of June 30, 2005, and continues to accrue per diem of $627.69;

    c.    Post-judgment interest at the statutory rate;

    d.    Pursuant to 28 U.S.C. § 2412(b), the United States requests an award of costs and attorneys' fees; and

    e.    Such further relief as this Court deems just and equitable.

Dated this 30th day of June, 2005.

PAUL M. WARNER,
United States Attorney

Eric A. Overby
Assistant United States Attorney

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I. (a) PLAINTIFFS**
UNITED STATES OF AMERICA

**DEFENDANTS**
UNION PACIFIC RAILROAD

FILED
U.S. DISTRICT COURT
2005 JUN 30 A 10:58
DISTRICT OF UTAH
BY: DEPUTY CLERK

(b) County of Residence of First Listed Plaintiff
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney'S (Firm Name, Address, and Telephone Number)
ERIC A. OVERBY, UNITED STATES ATTORNEY'S OFFICE
185 SOUTH STATE STREET, SUITE 400
SALT LAKE CITY, UTAH 84111
(801) 524-5682

Attorneys (If Known)
JOHN CLARE WILLIAMS
280 SOUTH 400 WEST
SALT LAKE CITY, UTAH 84101

**II. BASIS OF JURISDICTION** (Place an "X" in One Box Only)
- X 1 U.S. Government Plaintiff
- ☐ 2 U.S Government Defendant
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury – Med. Malpractice | ☐ 620 Other Food & Drug | | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury – Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC | ☐ 423 Withdrawal 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | ☐ 863 DIWC/DIWW (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence Habeas Corpus: | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | ☐ 530 General | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 535 Death Penalty | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| X 240 Torts to Land | ☐ 444 Welfare | ☐ 540 Mandamus & Other | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 550 Civil Rights | | ☐ 871 IRS – Third Party 26 USC 7609 | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | | ☐ 555 Prison Condition | | | |

**V. ORIGIN** (PLACE AN "X" IN ONE BOX ONLY)
- X 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
COMMON LAW TRESPASS DAMAGES TO LAND

**VII. REQUESTED IN COMPLAINT:**
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ 3,272,944.34
CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes X No

**VIII. RELATED CASE(S) IF ANY** (See instructions):
JUDGE     DOCKET NUMBER

DATE: June 30, 2005
SIGNATURE OF ATTORNEY OF RECORD

FOR OFFICE USE ONLY
RECEIPT #    AMOUNT    APPLYING IFP    JUDGE

Judge Tena Campbell
DECK TYPE: Civil
DATE STAMP: 06/30/2005 @ 10:57:45
CASE NUMBER: 2:05CV00545 TC

This form was electronically produced by Elite Federal Forms, Inc.