IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>UNION PACIFIC RAILROAD COMPANY,<br><br>Defendant. | ORDER AND<br><br>MEMORANDUM DECISION<br><br><br>Case No. 2:05 CV 545 |
| UNION PACIFIC RAILROAD COMPANY,<br><br>Third-Party Plaintiff,<br><br>vs.<br><br>PANDROL JACKSON and HARSCO COMPANY,<br><br>Third-Party Defendant. | |

The United States filed this lawsuit against Defendant Union Pacific Railroad Co. seeking to recovery money spent in connection with the containment and suppression of a wildfire that burned over 60,000 acres of land in Juab County, Utah.  Union Pacific denies liability and alleges that the wildfire was started, in part, by Pandrol Jackson and Harsco Co., which was performing rail-grinding work for Union Pacific at the time the fire started.  Union Pacific has

filed a third-party complaint against Pandrol Jackson, asserting that Pandrol Jackson is obligated to indemnify Union Pacific for any damages ultimately recovered by the United States in this action and that Pandrol Jackson is similarly responsible for Union Pacific's attorney fees and costs.

Now before the court is Pandrol Jackson's motion for summary judgment on Union Pacific's third-party complaint. In support of its motion, Pandrol Jackson argues that the United States, in the present suit, is seeking to recover only those damages attributable to the negligence of Union Pacific alone, and that the parties' indemnification agreement is therefore inapplicable. Union Pacific counters that the existence of disputed facts concerning the extent to which Pandrol Jackson was responsible for the United States's claimed damages forecloses a conclusive determination of the applicability of the indemnification agreement. The court agrees with Union Pacific. Accordingly, Pandrol Jackson's motion for summary judgment is denied.

## Summary Judgment Standard

Federal Rule of Civil Procedure 56 permits the entry of summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.'" Fed. R. Civ. P. 56(c); see Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250-51 (1986); Adler v. Wal-Mart Stores, Inc., 144 F.3d 664, 670 (10th Cir. 1998). The court must "examine the factual record and reasonable inferences therefrom in the light most favorable to the party opposing summary judgment." Applied Genetics Int'l, Inc. v. First Affiliated Sec., Inc., 912 F.2d 1238, 1241 (10th Cir. 1990).

**Background**

On July 2, 1999, two fires started in Juab County, Utah. The first fire had only been burning for about one hour before the second fire, which started approximately seventeen miles away from the first fire, began to burn. Ultimately, the two fires merged into one. By the time the merged fire was fully suppressed, over 60,000 acres of government and privately owned land had been consumed.

The United States maintains that the first of the two fires was caused by Pandrol Jackson, which was performing rail-grinding work for Union Pacific at the time. The United States claims that the second fire was started by sparks flying from a Union Pacific train. Believing that the merged fire was caused by two independent sources, the United States sought to recover damages from the two allegedly culpable parties in an amount equal to the damages caused by each respective party.

The United States settled its dispute with Pandrol and released all claims against it, but ultimately filed this lawsuit to recover damages that it claims are attributable to the second fire. Accordingly, the United States has taken the position that the damages it seeks to recover in this suit flow from the negligence of Union Pacific alone. Union Pacific denies that it caused the second fire and maintains that the United States has failed to correctly allocate the costs between the fire allegedly started by Pandrol Jackson and the fire allegedly started by Union Pacific.

Pandrol Jackson concedes that there is currently a dispute between the parties concerning the manner in which damages should be allocated to each fire and also acknowledges Union Pacific's belief that the United States is seeking damages more properly attributed to Pandrol

Jackson.[1]  But Pandrol Jackson contends that this dispute does not preclude the entry of summary judgment in its favor.

## Analysis

Pandrol Jackson moves for summary judgment on Union Pacific's third-party complaint. In support of its motion, Pandrol Jackson argues that it has already settled with the United States for damages arising from the first fire and that the United States has voluntarily limited the scope of the present action to a recovery of damages flowing from the second fire.  Accordingly, Pandrol Jackson asserts that it has no role to play in this lawsuit.  Union Pacific disagrees, arguing that the parties' indemnification agreement, properly interpreted, could potentially be triggered by the present lawsuit.  To resolve the parties' competing contentions, it is necessary to interpret the scope of the parties' indemnification agreement.

"When interpreting a contract, a court first looks to the contract's four corners to determine the parties' intentions, which are controlling." Bakowski v. Mountain States Steel, Inc., 2002 UT 62, ¶ 16, 52 P.3d 1179.  "If the language within the four corners of the contract is unambiguous . . . a court determines the parties' intentions from the plain meaning of the contractual language as a matter of law."  Id.  In interpreting a contract, courts should "not make a better contract for the parties than they have made for themselves," and should not "avoid the contract's plain meaning to achieve an equitable result."  Id. ¶ 19 (internal quotation omitted).

The indemnification clause contained in the parties' contract provides, in relevant part:

---

[1] (See Reply Memo. in Supp. of Pandrol Jackson & Harsco Co.'s Mot. for Summ. J. 2 (dkt. #25) ("For purposes of the Motion for Summary Judgment, Pandrol Jackson acknowledges that a dispute exists between Union Pacific and the United States as to the cause of the Second Fire and the scope of the damages that were caused by the Second Fire.  Pandrol Jackson also agrees that if the parties are unable to reach an agreement on these disputed facts, it will ultimately be left to the fact-finder in this case to determine the scope of the damages caused by the Second Fire, and whether Union Pacific caused that fire.").)

> [Pandrol Jackson] shall indemnify and hold harmless [Union Pacific] . . . against and from any and all liability, loss, damages, claims, demands, costs and expenses, fines, and penalties of whatsoever nature, including court costs and attorney's fees, arising from or growing out of any . . . loss of or damage to property whatsoever . . . .  The right to indemnify shall accrue when such injury, death, loss or damage occurs from any cause and is associated in whole or in part with the work performed under this agreement . . . .  However, [Pandrol Jackson] shall not indemnify [Union Pacific] when the loss is caused by the sole negligence of [Union Pacific].

(Contract for Rail Grinding Services, ¶ 18(a), attached as Ex. 6 to Memo. in Supp. of Pandrol Jackson & Harsco Co.'s Mot. for Summ. J. (dkt. #15).)  Neither party contends that the language of this provision is ambiguous.

The plain language of the indemnification clause essentially imposes two preconditions on the accrual of indemnity and then provides an exception to the indemnification promise.  The preconditions are: (1) damage must occur, which, (2) is associated, in whole or in part, with Pandrol Jackson's rail-grinding work.  The final sentence of the indemnification clause then provides that even if the two preconditions are met, no right of indemnification will accrue if the damage is caused by Union Pacific's negligence alone.

Pandrol Jackson argues that it has no obligation to indemnify Union Pacific in this action because there are no allegations that Pandrol Jackson was responsible for the second fire and the United States has expressly limited this action to a recovery of damages flowing from the second fire alone.  In essence, Pandrol Jackson argues that the United States, by voluntarily limiting the scope of this action, has created a situation where the indemnification agreement no longer has applicability.

Union Pacific takes a broader view of the applicability of the indemnification clause.  According to Union Pacific, Pandrol Jackson must, at a minimum, "indemnify Union Pacific for the fees and costs required to properly determine what portion of the nearly $3.3 million in

damages presently asserted by the United States in fact are associated with Pandrol Jackson's activities." (Memo. in Opp'n to Pandrol Jackson & Harsco Co.'s Mot. for Summ. J. 1 (dkt.# 21).) Union Pacific's argument rests on the premise that the United States and Pandrol Jackson cannot determinatively decide amongst themselves which damages are attributable to the first fire (as opposed to the second fire) to the detriment of Union Pacific.

Union Pacific's argument is consistent with the plain language of the indemnification agreement. As discussed, for the indemnification provision to apply, (1) damage must occur, which, (2) is associated, in whole or in part, with Pandrol Jackson's rail-grinding work. Both of these preconditions are potentially satisfied in the present case. Further, it is currently unknown whether Pandrol Jackson may properly invoke the indemnification provision's exception for damages caused by Union Pacific's negligence alone.

Union Pacific alleges that it is incurring attorneys fees and court costs. The contract between Pandrol Jackson and Union Pacific identifies such costs as expenses for which indemnification might apply. (<u>See</u> Contract for Rail Grinding Services, ¶ 18(a), attached as Ex. 6 to Memo. in Supp. of Pandrol Jackson & Harsco Co.'s Mot. for Summ. J. (dkt. #15) ("[Pandrol Jackson] shall indemnify and hold harmless [Union Pacific] . . . against and from any and all . . . court costs and attorney fees, arising from or growing out of any . . . loss of or damage to property whatsoever[.]").) Accordingly, the first precondition is met.

Factual issues preclude a determination of the extent to which the second precondition is met--if it is met at all--in the present situation. Union Pacific correctly points out, and Pandrol Jackson concedes, that the parties dispute the manner in which damages should be allocated between the two fires. Indeed, Union Pacific claims that it is impossible to make such an allocation. As a result, at the present time, it is simply unclear whether the attorney fees and

costs being incurred by Union Pacific are associated, at least in part, with Pandrol-Jackson's rail-grinding work. It may be that Union Pacific, in this suit, is defending itself against liability that is more properly attributed to the first fire and, therefore, Pandrol Jackson's work. Until there is a factual determination, binding on all parties, concerning the proper allocation of damages between the two fires, it is impossible to determine the manner in which the indemnification agreement should be applied.

For the same reasons, it is currently impossible to conclude whether the expenses being incurred by Union Pacific are attributable to Union Pacific's negligence alone. Accordingly, Pandrol Jackson cannot rely on the exception to its indemnification promise when arguing that it is entitled to summary judgment on Union Pacific's claims.

## Conclusion

Disputed facts prevent a conclusive determination of the applicability of the indemnification agreement. Accordingly, Pandrol Jackson & Harsco Company's Motion for Summary Judgment (dkt.#14) is DENIED.

SO ORDERED this 24th day of October, 2006.

BY THE COURT:

*Tena Campbell*

TENA CAMPBELL
United States District Judge