BRETT L. TOLMAN,  United States Attorney (#8821)
ERIC A. OVERBY, Assistant United States Attorney (#7761)
STEPHEN J. SORENSON, Assistant United States Attorney (# 3218)
United States Attorney's Office
185 South State, Ste. 300
Salt Lake City, Utah  84111
Telephone:  (801) 524-5682
FAX:          (801) 524-6924
Eric.Overby@usdoj.gov

**Attorneys for the United States of America**

_____

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH, CENTRAL DIVISION
_____

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | **UNITED STATES' MOTION IN LIMINE REGARDING DEFENDANT'S EXPERTS ROBERT "JAKE" JACOBSEN AND HANS IWAND** |
| vs. | |
| UNION PACIFIC RAILROAD COMPANY, | |
| Defendant. | |
| _____ | |
| UNION PACIFIC RAILROAD COMPANY, | Civil No. 2:05CV00545 TC |
| Third-Party Plaintiff | |
| vs. | Magistrate Judge Brooke C. Wells |
| PANDROL JACKSON and HARSCO COMPANY | |
| Third-Party Defendants | |

_____

1

Pursuant to the Trial Order (Docket # 87), entered January 31, 2008, all motions in limine are due 5 days prior to trial. That deadline is today under Fed. R. Civ. P. 6, as trial is set to start on Tuesday, February 19, 2008, following the Monday holiday for Presidents' Day.

Accordingly, under Fed. R. Civ. P. 37(c)(1), the United States moves to limit the evidence of Defendant Union Pacific Railroad Company's expert Robert "Jake" Jacobsen, for the following reasons:

1. Mr. Jacobsen was deposed on January 31, 2008.

2. Mr. Jacobsen and UPRR then represented for the first time that Mr. Jacobsen had taken 100 or so photographs of the fire scene to support his opinion about the fire cause and origin.

3. Mr. Jacobsen and UPRR also then represented that those photographs were no longer available, and that Mr. Jacobsen was going to return to the scene subsequent to the deposition to take more photographs.

4. The United States subsequently has requested from UPRR when Mr. Jacobsen would be available for deposition with those new photographs, but there has been no response.

5. Pursuant to the Scheduling Conference Order, as amended, Mr. Jacobsen's expert disclosure report under Fed. R. Civ. P. 26(a)(2) was due July 6, 2007. It was then delivered, but it did not include the "missing photographs," nor, obviously, could it have included any photographs Mr. Jacobsen may have taken after his deposition on January 31, 2008.

The United States requests, therefore, the Court enter a motion in limine prohibiting the

introduction of any photographs on which Mr. Jacobsen relies that were not tendered at his deposition, and any testimony by Mr. Jacobsen in support of his opinion that is based upon information he learned subsequent to his deposition that was not disclosed to the United States.

Similarly, and also under Fed. R. Civ. P. 37(c)(1), the United States moves to exclude any evidence or testimony from a newly-mentioned supposed expert on metallurgy named Hans Iwand, for the following reasons:

1. Today at 1:46 p.m., defendant emailed a report by Mr. Iwand, expecting the United States to take Mr. Iwand's deposition in less than 24 hours.

2. Mr. Iwand has never been formally designated by UPRR as an expert it would offer. His name was only informally mentioned by UPRR's counsel at some recent depositions in January, 2008.

Respectfully submitted,

BRETT L. TOLMAN
United States Attorney

 /s/ Eric A. Overby
ERIC A. OVERBY
STEPHEN J. SORENSON
Assistant United States Attorneys

**CERTIFICATE OF SERVICE**

The foregoing document was served by ECF to the following on the 11th day of February, 2008:

E. Scott Savage, Esq.
Casey K. McGarvey, Esq.
Patrick E. Johnson, Esq.
Berman & Savage
170 South Main Street, Suite 500
Salt Lake City, UT 84101

Counsel for Defendant Union Pacific Railroad Company

Stephen J. Traynor, Esq.
Strong & Hanni
3 Triad Center, Suite 500
Salt Lake City, UT  84180

Counsel for Third-Party Defendant Pandrol Jackson and Harsco Company

/s/ Eric A. Overby